# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KARIN KNIGHTON, etc., et al.,

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION, etc., et al.,

    Defendants.

2:12-CV-304 JCM (RJJ)

## ORDER

Presently before the court is pro se plaintiffs Karin and Gordon Kinghton's "emergency motion for preliminary injunction." (Doc. #23). Defendants have not filed a response.

Construing plaintiffs' papers broadly, as this court must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the court finds that plaintiffs are not seeking a preliminary injunction (as stated in their moving papers), but a temporary restraining order. Accordingly, rather than wait to give defendants an opportunity to respond, the court will adjudicate the motion on an ex parte basis.

As a general matter, courts broadly construe the papers of pro se litants, and give such plaintiffs "the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, even pro se litigants must comply with the Federal Rules of Civil Procedure. *See King. v. Atiyeh*, 790 F.2d 1362, 1364 (9th Cir. 1986).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Here, plaintiffs failed to comply with the requirements of Fed. R. Civ. P. 65. The rule explains that a court may issue a temporary restraining order without notice to the opposing party only if:

 (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

 (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiffs failed to provide any information regarding notice to the defendants or why such notice should not be required. Indeed, the motion does not even contain a certificate of service; thus it does not appear that service of process has taken place.

Similarly, plaintiffs failed to comply with Local Rule 7-5, which requires affidavits setting forth the nature for an emergency motion.

 (c) Motions, applications or requests may be submitted ex parte only for compelling reasons, and not for unopposed or emergency motions.

 (d) Written requests for judicial assistance in resolving an emergency dispute shall be entitled "Emergency Motion" and be accompanied by an affidavit setting forth:

  (1) The nature of the emergency;

  (2) The office addresses and telephone numbers of movant and all affected parties; and,

  (3) A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action. The statement also must state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded. It shall be within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency.

Local Rule 7-5(c) – (d). Plaintiffs have failed to attach the requisite affidavit supplying the court with the appropriate requirements pursuant to LR 7-5.

Speaking to the substance of the complaint, the court also notes that the plaintiffs' motion fails to provide "a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  *Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To prevail in a motion for injunctive relief, a movant must
2  establish:  (1) a likelihood of success on the merits; (2) that it would suffer irreparable harm in the
3  absence of an injunction; (3) that balancing of the parties' relative hardships favors the granting of
4  the injunction; and (4) that an injunction serves the public interest.  *Id.* ("A plaintiff seeking a
5  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
6  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
7  favor, and that an injunction is in the public interest.").  Here, it is unlikely that plaintiff will prevail
8  on the merits of their claim.  Plaintiffs do not even argue that they would prevail.  As such,
9  injunctive relief is improper.

10  In light of the foregoing,

11  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' emergency
12  motion for preliminary injunction (doc. #23) be, and the same hereby is, DENIED.

13  DATED May 17, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -