UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KARIN KNIGHTON, et al., | Case No. 2:12-cv-00304-MMD-RJJ |
|---|---|
| Plaintiffs, | **O R D E R** |
| v. | (Plfs.' Motion to Remand – dkt. no. 11) |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

**I.  SUMMARY**

Before the Court is Plaintiffs Karin and Gordon Knighton's Motion to Remand (dkt. no. 11). The Court has also considered Defendant U.S. Bank National Association's Opposition (dkt. no. 14). For the reasons stated below, the Motion is granted.

**II.  BACKGROUND**

The present Motion arises from the alleged wrongful foreclosure of the residential property located at 1864 Canvas Edge Drive, Henderson, Nevada. In question are claims made against Defendant Five Star Partnership ("Five Star"). The parties agree that at all relevant times, both Plaintiffs and Five Star have been domiciled in Nevada.

The following facts are alleged by Plaintiffs. Plaintiffs obtained financing from Countrywide KB Home Loans at a 6% interest rate on a thirty year loan and purchased the subject property on or around May 2008. (Dkt. no. 1-2 at ¶ 10-11.) Almost one year

later, on or around April 2009, Plaintiffs approached Five Star to obtain more favorable financing for the balance of the loan on their home. (Dkt. no. 1-2 at ¶ 18.) Five Star offered a 5% interest rate on a thirty year loan, and Plaintiffs accepted the offer. The parties entered into a refinancing agreement ("Agreement") secured by a Deed of Trust on or about May 21, 2009. (Dkt. no. 1-2 at ¶ 21.) Plaintiffs were told by Five Star representatives that payments would not exceed $2,793.53 per month with all "taxes, insurances, and fees" included. (Dkt. no. 1-2 at ¶ 20.) Payments were to be made to US Bank National Association ("US Bank"), per the Agreement. (Dkt. no. 1-2 at ¶ 22.) Plaintiffs made timely payments in full for over a year, including additional payments toward the principal balance.[1] (Dkt. no. 1-2 at ¶ 26, 28.) On or around September 10, 2010, Plaintiffs sought homeowner assistance offered by US Bank. (Dkt. no. 1-2 at ¶ 29.) In reliance on statements made by a US Bank representative, around October 2010, Plaintiffs "strategically defaulted," skipping their October, November, and December 2010 mortgage payments. (Dkt. no. 1-2 at ¶ 160, 32.) Thereafter, on or around February 2, 2011, US Bank rejected Plaintiffs' loan modification request and foreclosed on the property. (Dkt. no. 1-2 at ¶ 41.) Plaintiffs allege that US Bank wrongfully foreclosed on the subject property. (Dkt. no. 1-2 at ¶ 81-90.)

On January 25, 2012, Plaintiffs sued Defendants in the Eighth Judicial District Court of the State Of Nevada ("State Court") alleging twelve causes of action, including a breach of contract claim against Five Star. (Dkt. no. 1-2 at ¶ 81-191.) Before filing an answer in State Court, Defendant US Bank removed the case based on federal question and diversity jurisdiction.[2] (Dkt. no. 1.) In its Notice of Removal, US Bank argued that this Court should ignore Five Star's presence in determining diversity because Plaintiffs

---

[1] The remaining allegations relate to Plaintiffs' interactions with Defendant US Bank and therefore the Court need not discuss them in this order.

[2] In response to Plaintiffs' Motion to Remand, US Bank agreed not to pursue federal jurisdiction based on federal questions so long as Plaintiffs do not assert any direct claims under the Home Affordable Modification Program (HAMP) or other federal law. Thus, this Court does not address the federal question jurisdiction further.

2

fraudulently joined Five Star. (Dkt. no. 1 at 4-6.) US Bank argued that because Plaintiffs' factual allegations against Five Star do not support a finding of a breach of contract, the claim is a sham and should be ignored. (Dkt. no. at 5-6).

In its Motion to Remand, Plaintiffs argue that the claims against Five Star are valid because the Agreement and Deed of Trust name Five Star as the lender and any breach of those instruments extends to Five Star. (Dkt. no. 11 at 10.) Plaintiffs contend that because Five Star's joinder was proper and Five Star's presence in the suit destroys diversity, this Court must remand.[3] (Dkt. no. 11.)

## III.   DISCUSSION

### A.   Legal Standard

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the party seeking removal. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court must remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988). Nevertheless, a district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the

---

[3] Plaintiffs also argue that this Court may not hear the claims because of the state court's prior exclusive jurisdiction based on the state court's issuance of a temporary restraining order related to the subject property. However, the Court will not address this argument because the Court finds that it lacks subject matter jurisdiction to adjudicate this action.

3

state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067.

"The defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. However, the party asserting fraudulent joinder carries a "heavy burden" of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Courts must resolve all factual and legal ambiguities in favor of the plaintiff and "[t]he defendant must demonstrate that there is *no possibility* that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *King v. Warner-Lambert Co.*, 2002 WL 988167 (D. Nev. May 7, 2002) (citing *Alexander v. Elec. Data Sys. Co.*, 13 F.3d 940, 949 (6th Cir. 1994)); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car*

1  *Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in
2  original)).  "Factual allegations must be enough to rise above the speculative level."
3  *Twombly*, 550 U.S. at 555.  Thus, a complaint must contain sufficient factual matter to
4  "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal
5  citation omitted).

6      **B.**    **Analysis**

7      Here, the parties agree Five Star is a citizen of Nevada for purposes of diversity
8  jurisdiction.  Five Star's presence in the lawsuit defeats diversity jurisdiction unless Five
9  Star was fraudulently joined.  Defendants claim that Five Star was fraudulently joined for
10 three reasons: (1) Plaintiffs' complaint fails to state a valid cause of action against Five
11 Star because, assuming the facts Plaintiffs allege in the Complaint are true, there was no
12 breach; (2) Plaintiffs' timely mortgage payments of more than one year essentially
13 waived any breach of contract claim Plaintiffs might have been able to assert against
14 Five Star (US Bank refers to this waiver as "ratification"); and (3) Plaintiffs' failure to
15 promptly serve Five Star evidences lack of honest intention to pursue claims against
16 Five Star. The Court disagrees.

17     First, the Complaint properly states a claim against Five Star.  To state a valid
18 claim for breach of contract under Nevada law, the plaintiff must allege: "(1) the
19 existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result
20 of the breach."  *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1240 (D. Nev.
21 2008); *see Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000), superseded on
22 other grounds by statute as recognized in *Olson v. Richard*, 89 P.3d 31, 33 (Nev. 2004).
23 In support of the "Fifth Cause of Action – Breach of Contract as to Five Star," Plaintiffs
24 allege: (1) "there existed an express contractual relationship between the Plaintiffs and
25 Defendant FIVE STAR" (dkt. no. 1-2 at ¶ 118), (2) "Defendant FIVE STAR breached its
26 obligations under the [ ] contract" (dkt. no. 1-2 at ¶ 121) namely the affordability of the
27 loan, and (3) "Plaintiffs have suffered damages" as a result of the breach (dkt. no. 1-2 at
28 ¶ 122).  Under the *Iqbal* pleading standard, Plaintiffs' Complaint adequately states a

claim for breach of contract against Five Star because it presents direct and inferential allegations concerning all the material elements necessary to sustain recovery under a breach of contract claim.  In particular, Plaintiffs allege Five Star agreed "to obtain a modified loan on terms which were affordable and acceptable to Plaintiffs" and Five Star breached by failing "to obtain an affordable loan." (Dkt. no. 1-2 at ¶ 118, 121). Additionally, the fact that Five Star filed an answer (dkt. no. 36) instead of moved for dismissal highlights the actionable nature of the claim against Five Star.

Next, US Bank argues that Plaintiffs' timely payments constituted contract ratification and the alleged contract ratification effectively waived Plaintiffs' breach of contract claim regarding the "affordability" of the Agreement.  The Court disagrees.  US Bank has not shown that Plaintiffs' payments somehow confirm the "affordability" of the loan making the breach of contract claim a sham, or that Plaintiffs are attempting to argue different contractual terms. At best, the term "affordability" is ambiguous. Therefore, this ratification argument fails because this Court must resolve all factual and legal ambiguities in favor of Plaintiffs and the term "affordability" is, at best, ambiguous.

The Court also rejects US Bank's argument that Plaintiffs' failure to promptly serve Five Star makes their claims against Five Star any less valid or that Plaintiffs do not honestly intend to pursue claims against Five Star.  In fact, Five Star has now been served and filed an answer.

US Bank has not met its heavy burden to show that joinder of Five Star is fraudulent. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint.

**IV.  CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (dkt. no. 11) is GRANTED.  The Clerk of the Court is directed to REMAND and close this case.

DATED THIS 29th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE